Filed 11/16/23  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081484 |
| v. | (Super.Ct.No. FSB70122) |
| KENYON DARRELL BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Kenyon Darrell Brown, in pro. per.; Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kenyon Darrell Brown appeals from the denial of his petition for resentencing following an order to show cause and an evidentiary hearing

pursuant to Penal Code section 1172.6.[1]  His appellate counsel filed a brief under the procedures described by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*); defendant filed a supplemental brief.  We have independently reviewed the contentions defendant raised in his supplemental brief and conclude none of them has merit.  We affirm.

## BACKGROUND

We take some of the background information from our prior opinion (*People v. Brown* (Sept. 14, 2022, E078066) [nonpub. opn.]), with additional information taken from the current record on appeal.

In 2007, defendant was charged with attempted murder (§§ 187, subd. (a), 664, subd. (a)), with enhancements for the personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)) and for the personal infliction of great bodily injury (§ 12022.7, subd. (a)).  At the preliminary hearing, the victim identified defendant as the person who stabbed him multiple times.  In 2008, pursuant to a plea bargain, defendant pleaded guilty to attempted murder, and the enhancement allegations were dismissed.  (*People v. Brown*, *supra*, E078066.)  The reporter's transcript of the change of plea, which was unavailable in the previous appeal (*ibid.*), reflects that defendant pled guilty to the attempted murder charge and stipulated the preliminary hearing transcript established the factual basis for the plea.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

In August 2021, defendant, in propria persona, filed a petition for resentencing under 1172.6.[2] His petition, fairly read,[3] alleged that (1) the accusatory pleading allowed the prosecution to proceed under the natural and probable consequences doctrine, (2) he pleaded no contest to attempted murder in lieu of a trial at which he could have been convicted under the natural and probable consequences doctrine, and (3) he could not now be convicted of attempted murder because of changes to section 188, effective January 1, 2019. He requested the appointment of counsel. (*People v. Brown*, *supra*, E078066.)

In opposition to the petition,[4] the prosecution represented that, at the preliminary hearing, the victim had testified that defendant personally stabbed him. The prosecution did not submit the reporter's transcript of the preliminary hearing to the trial court. However, it is in the appellate record, and it does show that the victim did testify that defendant personally stabbed him. (*People v. Brown*, *supra*, E078066.)

In November 2021, the trial court summarily dismissed the petition without appointing counsel and without holding a hearing. It explained that defendant was guilty of attempted murder as the direct perpetrator, rather than under a natural and probable

---

[2] Although defendant had long since served his seven-year term for attempted murder, he was in prison serving a 10-year sentence for robbery.

[3] The check-the-box form petition did not provide for any allegations about a conviction for *attempted* murder. Thus, defendant hand-wrote additional allegations. These must be read as amending or supplementing the form allegations.

[4] Defendant complained about the fact that the prosecution served its opposition on the public defender, not on him. However, he does not claim that he was prejudiced, and he does not seek reversal on this ground.

consequences theory. (*People v. Brown*, *supra*, E078066.) Defendant appealed that decision and we reversed with directions due to the trial court's failure to appoint counsel for defendant and its improper reliance on the preliminary hearing transcript at the prima facie stage of the proceedings.[5] (*People v. Brown*, *supra*, E078066.)

On January 18, 2023, the trial court made a prima facie finding of eligibility, issued an order to show cause, and set the matter for an evidentiary hearing. On April 3, 2023, defendant filed another petition in propria persona, this one requesting relief under Senate Bill No. 731[6] and seeking to seal his criminal records. The trial court agreed to consider it along with the resentencing petition. On April 20, defendant filed a motion to vacate his conviction pursuant to section 1473.7.[7] On May 18, 2023, the People filed a notice of intent

---

[5] Because the record in that appeal did not establish that defendant had stipulated to the preliminary hearing transcript for the factual basis, we analyzed the correctness of the court's ruling at the prima facie stage assuming there was no stipulation regarding the factual basis.

[6] We assume defendant intended to refer to Senate Bill No. 567, which amended section 1170. (Stats. 2021, ch. 731.) Defendant alleged that his attempted murder conviction was alleged as an enhancement or aggravating factor in his later robbery and aggravated assault conviction, for which crimes he was then serving a sentence in state prison; his argument appeared to be that because of mental illness, he could not form the requisite malice to support the attempted murder conviction, and that if that conviction were vacated, his current sentence would be reduced.

[7] Section 1473.7 permits a person who is no longer in criminal custody to file a motion to vacate a conviction or sentence where the "conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§1473.7, subd. (a)(1).) The pro se petition also states defendant was entitled to have his records sealed, but the current record on appeal does not include a petition filed under section 851.91, to which the court referred in its ruling, which was apparently filed on September 12, 2022.

4

to introduce evidence at the hearing on the order to show cause, identifying the preliminary hearing transcript of July 16, 2007, as well as the November 7, 2008 transcript of the oral proceedings relating to the defendant's plea of guilty to the attempted murder charge.

The evidentiary hearing on the order to show cause took place on May 19, 2023, at which time the People proffered the two transcripts into evidence, which, over objection by the defense, the court admitted into evidence and took the matter under submission. On June 2, 2023, the court issued its ruling on the submitted matter, denying defendant's resentencing petition, and finding beyond a reasonable doubt that (1) defendant was prosecuted solely on the theory he was the direct perpetrator of the attempted murder; (2) he could be prosecuted for the same offense despite changes in the law; and (3) the people had proven beyond a reasonable doubt that defendant is guilty of attempted murder. The court also denied defendant's request to seal his criminal records.

Defendant appealed.

## DISCUSSION

Defendant's counsel filed a brief with this court pursuant to *Wende* and *Delgadillo* and requested an independent review of the record; it included counsel's declaration that defendant had been advised he could file his own brief with this court. The next day, this court sent an order to defendant that advised him about the holding in *Delgadillo*, that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions, and further stated: "The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will

evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo, supra*, 14 Ca1.5th 216.) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On August 23, 2023, defendant filed a supplemental letter brief with this court. Although the filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), we have discretion to do so.

In the present case, defendant argues that his conviction and sentence for attempted murder should be vacated under section 1172.6 because he did not act with malice aforethought due to mental health issues of longstanding. The preliminary hearing includes the victim's testimony that defendant talked to himself, and, after defendant pled guilty to the attempted murder, his father made a statement at defendant's sentencing hearing asking the trial court for a lesser sentence due to defendant's long history of mental illness. However, there was no expert evidence introduced at any stage of the proceedings to support an inference that defendant's guilty plea was invalid or that he lacked the capacity to act with malice aforethought due a mental disorder.

We also note that defendant refers in his supplemental petition to the fact that his trial attorney had, at one point, sought to suspend proceedings to determine defendant's competence to stand trial. However, there is no information in the record on appeal to support the assertion that counsel expressed a doubt or that proceedings were suspended to determine defendant's competence to stand trial.

Turning to the merits of any argument that defendant could not be convicted of attempted murder, following an evidentiary hearing at which the trial court denied a section 1172.6 petition, "'""we review the factual findings for substantial evidence and the application of those facts to the statute de novo."'"" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383, quoting *People v. Williams* (2020) 57 Cal.App.5th 652, 663.)

Section 1172.6, subdivision (d)(3), governs the conduct of evidentiary hearings following an order to show cause: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."

A trial court may not consider facts from a preliminary hearing transcript at the prima facie stage of a resentencing petition unless the defendant stipulates to the transcript as a factual basis for his plea. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481.) But the language of section 1172.6, subdivision (d)(3), allows the prosecution to rely on the preliminary hearing transcript to sustain its burden of establishing that he is not entitled to relief. (*Davenport*, at p. 485, fn. 3.) The exception to this procedural rule excludes reliance on Proposition 115 preliminary hearing transcripts, with multiple layers of hearsay, "unless

7

the evidence is admissible pursuant to another exception to the hearsay rule." (§ 1172.6, subd. (d)(3).)

In the present case, the preliminary hearing transcript, which, at the time of defendant's guilty plea, was deemed by stipulation of the parties to establish the factual basis for the plea, consisted of witness testimony in which defendant was identified as the person who stabbed the victim. The testimony did not constitute the type of Proposition 115 testimony of police officers referred to in section 872, subdivision (b), so the trial court properly considered it in ruling on the question of whether, following the amendments to sections 188 and 189, defendant could be currently convicted of attempted murder.

We realize our prior opinion expressed questions about whether the record showed defendant was the actual perpetrator because the record in that appeal did not include the guilty plea transcripts, and the information provided in the appellate briefing led us to erroneously conclude the trial court found a factual basis for the plea on the basis of "findings in the file." (*People v. Brown*, *supra*, E078066.) That factual and evidentiary gap was eliminated when, in preparation for the instant evidentiary hearing, the People submitted the theretofore missing transcripts for the trial court's consideration.

In this case, at defendant's change of plea hearing the parties stipulated that the preliminary hearing transcript constituted the factual basis for his guilty plea to the attempted murder charge. The victim of the attempted murder, testified at the preliminary hearing that defendant approached him, asking, "Are you ready to die tonight?" before striking him multiple times with a knife, from which he suffered several wounds. The

8

victim attempted to fight him off and eventually was able to run to the rental office of the apartment building. The trial court properly relied on this direct testimony to find beyond a reasonable doubt that defendant was the actual perpetrator who stabbed him.

Defendant was therefore convicted of attempted murder based on malice aforethought and the intent to kill, rather than on a theory of imputed malice. There is substantial evidence to support the lower court's findings. The trial court properly denied the petition.

We have independently reviewed the record for error consistent with *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented defendant on this appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.

9